IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEMAREO DURR,

    Plaintiff,

v.                                      Case No. 3:05cv326/MCR

RON McNESBY,
  Sheriff of Escambia County, Florida,
and
DAVID BURK,
NICK HARRIS,
DAN HENRY,
MATT CLARK,
GORDON SZTUKOWSKI,
STEVE NESMITH,
PAUL HAWKE,
and
CLEVE CLANTON,
  Deputy Sheriffs of Escambia County, Florida,
All in their individual capacities,

    Defendants.
_____/

**O R D E R**

    In this cause filed pursuant to 42 U.S.C. § 1983 plaintiff Jemareo Durr alleges that defendants Escambia County Deputy Sheriffs Nick Harris, Dan Henry, Matt Clark, Gordon Sztukowski, David Burk, and Steve Nesmith unlawfully entered and searched his residence, in violation of the Fourth and Fourteenth Amendments. Plaintiff further alleges that defendant Deputy Sheriff Cleve Clanton authorized the unlawful entry and that defendants Deputy Sheriff Paul Hawke and Sheriff Ron McNesby "covered up" the incident; plaintiff also asserts that defendant McNesby maintains a policy of inadequately investigating citizens' civil rights complaints. The case presently is before the court on the

parties' cross motions for summary judgment.[1] As explained below, the court GRANTS the motions of defendants McNesby and Hawke, and it GRANTS in part and DENIES in part the motion of defendants Clanton, Harris, Henry, Clark, Sztukowski, and Nesmith and the motion of plaintiff Durr.[2]

The parties acknowledge that this case arises from the same events as those at issue in Tanck v. McNesby, Case No. 3:03cv150/RV/MD, an action in this district that was assigned to the Honorable Roger Vinson. The plaintiff in the instant case is different from the plaintiffs in Tanck but, with one exception, the defendants in the two cases are identical. The claims in Tanck are also, in essence, the same as those presented in the instant case.[3] In an order dated February 17, 2005, Judge Vinson granted in their entirety the motions for summary judgment file by two of the defendants and granted in part and denied in part a third motion for summary judgment, directing that the case would "proceed only with respect to the plaintiffs' claims against the defendants Burk, Harris, Henry, Clark, and Nesmith, in their individual capacities, for the possible Fourth Amendment violation of

---

[1] Defendant McNesby has filed a motion for summary judgment (doc. 32), as have defendant Hawke (doc. 33) and defendants Clanton, Harris, Henry, Clark, Sztukowski, and Nesmith (doc. 34); to each of the motions are attached evidentiary materials. Plaintiff has filed no response to the motions but has filed a cross motion for summary judgment (doc. 35) and evidentiary materials (docs. 36, 38), to which defendants filed a joint response (doc. 41).

[2] No motion is pending with respect to the ninth named defendant, David Burk. Defendants advise that Mr. Burk is deceased. The court notes that the docket contains no proof of service upon Mr. Burk, no suggestion of his death, and no motion for substitution of parties.

[3] The first amended complaint in Tanck names Burk, Harris, Henry, Clark, Szutkowski, Nesmith, and Clanton in their individual capacities and McNesby, Hawke, and Deputy Sheriff Tracy Yuhzsz (the only defendant who is not also named in the instant case) in both their individual and official capacities. (See Case No. 3:03cv150/RV/MD, doc. 17). The complaint contains two counts. In Count I, which names all of the defendants other than McNesby, plaintiffs allege the violation of their constitutional rights by defendants' "participating in, lending support to, [ ] covering up or providing inadequate training and supervision causing the unreasonable search and seizure of Plaintiffs['] persons and property." In Count II plaintiffs allege that McNesby maintained a policy or custom of inadequately training his deputies which resulted in the violation of the plaintiffs' rights.
   The instant complaint contains four counts and names all defendants in their individual capacities only. Count I alleges that Harris, Henry, Clark, Sztukowski, Burk, and Nesmith unlawfully entered and searched the residence Durr shared with Glenda Tanck and Allison Spikes, the plaintiffs in Tanck; Count II alleges that Clanton authorized the unlawful entry; Count III alleges that Hawke covered up and inadequately investigated the incident; and Count IV alleges that McNesby covered up the incident and maintained a policy of inadequately investigating citizens' civil rights complaints.

Case No. 3:05cv326/MCR/EMT

exceeding the scope of a permissible search of the apartment." (See Case No. 3:03cv150/RV/MD, doc. 66, p. 23). Shortly before trial, upon the parties' advising the court that the matter had been compromised and settled, the case was dismissed with prejudice. (Id., doc. 79).

In light of the virtual identicality of the present action and Tanck, this court shall adopt, and incorporate by reference herein, the "Factual Background" section set forth in Judge Vinson's February 17, 2005, order.[4]  This court also adopts and incorporates by reference the "Discussion" section of Judge Vinson's order, with the exception of any portions of the order dealing with non-party Tracy Yuhasz. Additionally, the court extends the analysis regarding defendant Hawke's alleged involvement in a "cover-up" to include defendant McNesby.[5]

Accordingly, this court GRANTS the motions for summary judgment filed by defendant McNesby (doc. 32) and defendant Hawke (doc. 33). The court also GRANTS the motion for summary judgment filed by defendants Clanton, Harris, Henry, Clark,

---

[4] Judge Vinson granted the defendants' motion to strike the plaintiffs' untimely response and evidentiary materials filed in connection with the defendants' motions for summary judgment. (See Case No. 3:03cv150/RV/MD, doc. 64). Nevertheless, Judge Vinson noted that in ruling on the motions he in fact reviewed and considered the deposition excerpts and affidavit submitted by plaintiffs. (Id., doc. 69). Judge Vinson concluded that the plaintiffs' materials contained nothing that would have altered the court's ruling on the defendants' motions for summary judgment. The evidentiary materials filed by plaintiff in the instant case appear to be identical to those filed in Case No. C:03cv150/RV/MD, with the exception that in this case plaintiff has also submitted his own deposition and that of Jessica Talbot. As neither of these depositions presents any information that creates a genuine issue of fact or is helpful in establishing the factual backdrop to the instant case, the court finds it unnecessary to address them.

[5] Although in their answers to plaintiff's complaint the defendants assert the affirmative defenses of res judicata and collateral estoppel, in their motions for summary judgment defendants do not argue these defenses. Rather, they note only that the court has previously ruled that their actions in entering the residence did not violate the Constitution. Even if defendants had asserted these affirmative defenses, as there appears to be no basis for finding privity between the plaintiffs in Tanck and the plaintiff in this case, any such argument would not be successful. See E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004) (indicating that, in addition to other factors, identity or privity of parties must exist in order to find that doctrines of res judicata or collateral estoppel apply). Nevertheless, the court observes that the two actions could have been brought as one and, had the Tanck case still been pending, the two cases likely would have been consolidated. The manner in which the cases have been presented – and thus, unavoidably, defended – has resulted in the unnecessary expenditure of the court's and the defendants' resources. The court is also dismayed at the prospect that plaintiff's counsel might receive attorney's fees twice, simply by pursuing what is essentially the same case in two separate actions.

Case No. 3:05cv326/MCR/EMT

Sztukowski, and Nesmith (doc. 34), to the following extent: defendants Clanton and Sztukowski are entitled to summary judgment on all claims, and Burt, Harris, Henry, Clark, and Nesmith are entitled to summary judgment as to plaintiff's claim of an unconstitutional entry into his residence. The motion is DENIED as to the claim of an unlawful search. Plaintiff's motion for summary judgment is obversely DENIED in part and GRANTED in part. The case therefore shall proceed with respect to the claims against defendants Burk, Harris, Henry, Clark, and Nesmith only for the possible Fourth Amendment violation of exceeding the scope of a permissible search of Durr's residence.

IT is therefore ORDERED:

1. The motion for summary judgment filed by defendant McNesby (doc. 32) is GRANTED.

2. The motion for summary judgment filed by defendant Hawke (doc. 33) is GRANTED.

3. The motion for summary judgment filed by defendants Clanton, Harris, Henry, Clark, Sztukowski, and Nesmith (doc. 34) is GRANTED in part and DENIED in part, and the motion for summary judgment filed by Durr (doc. 35) is, obversely, DENIED in part and GRANTED in part, as follows:

    a. Defendants Clanton and Sztukowski are entitled to summary judgment on all claims.

    b. Defendants Burt, Harris, Henry, Clark, and Nesmith are entitled to summary judgment as to Durr's Fourth Amendment claim of unconstitutional entry into his residence.

    c. Defendants Burt, Harris, Henry, Clark, and Nesmith are not entitled to summary judgment to Durr's claim of an unlawful search. The case therefore shall proceed with respect to Durr's claims against these defendants only for the possible Fourth Amendment violation of exceeding the scope of a permissible search of his residence.

4. The clerk shall REFER this matter to Magistrate Judge Elizabeth M. Timothy for additional settlement proceedings, which should be conducted no later than **May 30,**

**2007.**[6]

5.  As the court determines there is no just reason for delay, the clerk is directed to enter judgment as to defendants McNesby, Hawke, Clanton, and Szutokowski only. See Fed.R.Civ.P. 54(b).  As to all claims against defendants Burt, Harris, Henry, Clark, and Nesmith, the clerk shall defer entering judgment until the conclusion of the entire case.

**DONE and ORDERED** this 11th  day of May, 2007.

        s/ *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**

---

[6] This matter is set for trial June 18, 2007.  The court anticipates, and desires, that neither the trial date nor any of the deadlines established in the court's pretrial order dated April 26, 2007, will be affected by the instruction to attend a settlement conference with Magistrate Judge Timothy.  Accordingly, absent a showing of extraordinary cause by the parties – made to this court –  or the magistrate judge's notice that additional time is needed, this matter shall proceed to trial as presently scheduled.